F I L E D
Clerk
District Court
DEC 05 2016
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

KENNETH DROZE,

   Plaintiff,

v.

RAY MABUS, SECRETARY,
DEPARTMENT OF THE NAVY,

   Defendant.

Case 1:16-CV-00017

MEMORANDUM DECISION AND
ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS AND
PLAINTIFF'S REQUEST FOR
TRANSFER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(1), filed by Defendant Ray E. Mabus, Secretary of the Navy, on October 24, 2016. (Motion, ECF No. 12; Memorandum in Support, ECF No. 13.) Plaintiff Kenneth Droze responded by filing an Opposition to Dismissal and Request for Transfer to Federal Circuit Court of Appeals (ECF No. 16),[1] to which Defendant replied (Reply, ECF No. 17). The motion came on for a hearing on December 1, 2016, and the Court ruled from the bench, granting the motion and transferring the case to the United States Court of Appeals for the Federal Circuit. This memorandum sets forth the reasons for those determinations.

In his Complaint (ECF No. 3), Plaintiff, who resides in this district and is proceeding pro se, seeks judicial review of a final order of the Merit Systems Protection Board (MSPB) affirming an administrative law judge's denial of his petition for enforcement of a 2001 settlement agreement between Plaintiff and the Department of the Navy. *See Droze v Dept. of the Navy,* 2016 WL

---

[1] The day before the motion hearing, Plaintiff submitted thirteen exhibits (ECF No. 19), and the morning of the hearing he submitted an additional five exhibits along with a narrative describing the exhibits and making additional argument in the nature of a surreply (ECF No. 20). At the hearing, the Government made an oral motion to strike the exhibits and narrative as untimely, and the Court granted the motion.

2642109 (Final Order, May 10, 2016), attached to Complaint as ECF No. 3-1. Generally, petitions for judicial review of MSPB final orders must be filed in the Federal Circuit. *See* 5 U.S.C. § 7703(b)(1)(A). However, review of final orders in so-called "mixed cases," which present an appealable non-discrimination claim coupled with an employment discrimination claim, may be had in the appropriate district court. *See* 5 U.S.C. § 7703(b)(2); *Sloan v. West,* 140 F.3d 1255, 1260 (9th Cir. 1998).

Defendant asserts that the Court lacks jurisdiction because this is not a mixed case. The Court agrees. The 2001 settlement agreement settled discrimination charges that Plaintiff had made in connection with his removal from his employment with the Navy in Japan. In April 2001, Plaintiff appealed the removal to the MSPB, and the settlement agreement mooted the appeal. *See Droze v. Dept. of the Navy,* SE-0752-01-0205-I-1, 2001 WL 1621031 (Initial Decision, June 12, 2001). *That* case was a mixed case. However, the claims decided by the MSPB in the Final Order and challenged in the present Complaint are purely non-discrimination claims: that the settlement agreement is invalid or, in the alternative, that Defendant breached the agreement. *See Oja v. Dept. of Army,* 405 F.3d 1349, 1355 (Fed. Cir. 2005) (holding that petition for enforcement of settlement agreement does not give rise to mixed case). Hence, this is not a mixed case, and review is not proper in district court.

The remaining question is whether to transfer the case to the Federal Circuit, which has jurisdiction over it, or to dismiss it without transferring it. When a court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal" to a court that has jurisdiction. 28 U.S.C. § 1631. Transfer will generally be in the interest of justice to "aid litigants who were confused about the proper forum for review" when their petition "would be time-barred without a transfer." *Baeta v. Sonchik,* 273 F.3d 1261, 1264 (9th Cir. 2001) (internal

citation and quotation marks omitted); *cf.* 28 U.S.C. § 1631 ("the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred").

Plaintiff was confused about where to file for judicial review. The Clerk of the MSPB attached to the Final Order a "Notice to the Appellant Regarding Your Further Review Rights" (ECF No. 3-1, pp. 8–9). The Notice treated Plaintiff's case as a mixed case and directed him to request further review within 30 days of receipt of the Final Order, either with the Equal Employment Opportunity Commission or in an appropriate U.S. District Court. *See* 5 U.S.C. § 7703(b)(2) (setting 30-day limitation period to seek district court review in mixed cases). On June 8, 2016, Plaintiff timely filed a petition in this Court.[2] Were the Court to decline to transfer the case, Plaintiff would be time-barred from refiling it in the Federal Circuit, as such petitions for review must be filed "within 60 days after the Board issues notice of the final order . . ." 5 U.S.C. § 7703(b)(1)(A).

The Government asserts that the Court should decline to transfer the case because it is frivolous and therefore not in the interest of justice to transfer it. *See Amity Rubberized Pen Co.*, 798 F.3d 991, 996 (9th Cir. 2015) ("transfer may not be in the interest of justice if 'the petition or appeal is frivolous,' *Rodriguez-Roman v. INS,* 98 F.3d 416, 424 (9th Cir. 1996)"). Frivolousness is a "low bar" for a petitioner to clear. *Amity,* 798 F.3d at 996. The transferring court is supposed to engage in only a "very limited inquiry," as "the interest of justice will rarely be served by one court engaging in a lengthy pre-transfer analysis, only ultimately to send the case to a new court that must start afresh." *Id.* The Ninth Circuit has rejected the invitation to undertake "a 'peek at

---

[2] In accordance with local procedure for all pro se, in forma pauperis (IFP) petitions, only the IFP application (ECF No. 1) was docketed on June 8. The Complaint was not docketed until the Court had screened it pursuant to 28 U.S.C. § 1915(e)(2) and determined to grant the IFP application (Order, June 28, 2016, ECF No. 2).

the merits' inquiry" that "would go beyond the narrow review outlined by [Circuit] precedents." *Id.* at 997. Defendant may be right that Plaintiff's claims are doomed to fail under the standard of review that the Federal Circuit must apply pursuant to 5 U.S.C. § 7703(c), but such review is consigned by law to the Federal Circuit, not the district court.

For these reasons, Defendant's motion to dismiss for lack of jurisdiction is GRANTED, without reaching the merits of the case, and Plaintiff's request for transfer to the Federal Circuit is GRANTED.

The Clerk is directed to send the original file and a certified copy of this order to the United States Court of Appeals for the Federal Circuit.

SO ORDERED this 5th day of December, 2016.

_____
RAMONA V. MANGLONA
Chief Judge